## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**_____

**TIM HOAG,**
      Plaintiff,

vs.

**NORTHSTAR LOCATION SERVICES, LLC; and DOES 1 to 10,**
**inclusive,**
      Defendants.

---

### PLAINTIFF'S COMPLAINTAND DEMAND FOR JURY TRIAL

---

### I.    *INTRODUCTION*

1. Tim Hoag (Plaintiff) brings this action to secure redress from Northstar Location Services, LLC (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, which prohibits false or deceptive practices in connection with the collection of debts.

### II.    *JURISDICTION AND VENUE*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought

1

in any appropriate United States district court. Jurisdiction of this court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because Defendant transacts business in this District and Defendant's collection communications were received by Plaintiff in this District and thus, a substantial part of the events or omissions giving rise to this action occurred in this District

### III.  PARTIES

4. Tim Hoag (Plaintiff) is an individual, residing in Fort Collins, Larimer County, Colorado 80525.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and is thus "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Northstar Location Services, LLC (Defendant) is a limited liability company, registered under the laws of the State of New York.  Pursuant to website of the New York Department of State, Division of Corporations, Defendant's address is 42 Genesee Street, Cheektowaga, New York 14225.  Pursuant to website of the New York Department of State, Division of Corporations, Defendant does not have a Registered Agent for Service of Process.

6. Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another. Defendant regularly uses the telephone and the mail to engage in the business of collecting debt in several states including, California. Thus, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV. FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt originally incurred with another creditor (alleged debt). Upon information and belief, the alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family,

3

or household purposes, whether or not such obligation has been reduced to judgment. Thus, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

9. At all times relevant to this action, Defendant contacted Plaintiff for the purpose of collecting an alleged debt.

10. Upon information and belief, at all times relevant to this action, Defendant has owned, operated and/or controlled telephone number (866) 677-2569. Upon information and belief, at all times relevant to this action, Defendant called Plaintiff from, but not limited to, telephone number (866) 677-2569 for the purpose of collecting the alleged debt.

11. Upon information and belief, within one year prior to the filing of this action Defendant called someone other than Plaintiff for the purpose of collecting the alleged debt and failed to identify itself, state that it is confirming or correcting Plaintiff's location information.

12. Upon information and belief, within one year prior to the filing of this action Defendant called someone other than Plaintiff for the purpose of collecting the alleged debt and stated to someone other than Plaintiff that Plaintiff owed the alleged debt. On or about, but not limited to, February 18, 2013, February 19, 2013 and March 7, 2013 Defendant called

Plaintiff's father's place of business for the purpose of collecting the alleged debt and stated to someone other than Plaintiff that Plaintiff owed the alleged debt. On or about February 19, 2013, Defendant called Plaintiff's stepmother for the purpose of collecting the alleged debt and stated to Plaintiff's stepmother that Plaintiff owed the alleged debt.

13. Upon information and belief, Plaintiff's father and Plaintiff's stepmother are not personally liable to pay for the alleged debt, nor are they co-signers on the allege debt.

14. Upon information and belief, within one year prior to the filing of this action Defendant repeatedly called someone other than Plaintiff for the purpose of collecting the alleged debt without permission to contact that person multiple times. Between February 19, 2013 and March 07, 2013, Defendant called Plaintiff's father at Plaintiff's father's place of employment no less than twenty (20) times for the purpose of collecting the alleged debt. On or about March 07, 2013, Plaintiff's father spoke with Defendant and demanded that Defendant no longer call him at his place of employment for the purpose of collecting the alleged debt. Subsequent to March 07, 2013, Defendant called Plaintiff's father at

Plaintiff's father's place of employment multiple times for the purpose of collecting the alleged debt.

15. Upon information and belief, within one year prior to the filing of this action Defendant contacted Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.  On or about February 18, 2013 at approximately 3:30 p.m. Defendant called Plaintiff's place of employment for the purpose of collecting the alleged debt after Defendant knew or had reason to know that Plaintiff's employer prohibited Plaintiff from receiving such communications.

16. Upon information and belief, within the one year prior to the filing of this action, Defendant's conduct in attempting to collect the alleged debt from Plaintiff was done to harass, oppress or abuse Plaintiff.

17. Within one year prior to the filing of this action, Defendant repeatedly and continuously called Plaintiff at telephone number (970) 219-6185 for the purpose of collecting the alleged debt.

18. Upon information and belief, within the one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring or engaged Plaintiff in telephone conversations repeatedly or continuously with the intent to

annoy, abuse or harass Plaintiff. Within the one year prior to the filing of this action, Defendant regularly called Plaintiff multiple times in one day for the purpose of collecting the alleged debt. Within the one year prior to the filing of this action, Defendant regularly called Plaintiff once and immediately called Plaintiff again moments later. For instance, on or about April 01, 2013, Defendant called Plaintiff at telephone number (970) 219-6185 from Defendant's telephone number (866) 677-2569 at 11:18 a.m. and again at 11:28 a.m. and again at 11:29 a.m.

19. Upon information and belief, within the one year prior to the filing of this action, Defendant called Plaintiff for the purpose of collecting the alleged debt and failed to meaningfully disclose Defendant's identity. Defendant called Plaintiff for the purpose of collecting the alleged debt and failed to meaningfully disclose Defendant's identity on or about, but not limited to, February 18, 2013 and April 01, 2013.

20. The natural consequences of Defendant's conduct as described above amounts to unfair or unconscionable means to collect or attempt to collect an alleged debt.

## V.   CLAIM FOR RELIEF

21. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

22. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692b(1) by communicating with any person other than the consumer and failing to identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; and

(b) Defendant violated 15 U.S.C. §1692b(2) by communicating with any person other than the consumer and stating that such consumer owes any debt; and

(c) Defendant violated 15 U.S.C. §1692b(3) by communicating with any person other than the consumer more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information; and

(d)Defendant violated 15 U.S.C. §1692c(a)3 by communicating

with a consumer in connection with the collection of any debt . . .

at the consumer's place of employment if the debt collector knows

or has reason to know that the consumer's employer prohibits the

consumer from receiving such communication; and

(e) Defendant violated 15 U.S.C. §1692d by engaging in conduct

the natural consequences of which is to harass, oppress, or abuse

any person in connection with the collection of an alleged debt;

and

(f)Defendant violated 15 U.S.C. §1692d(5) by causing a telephone

to ring or engaging any person in telephone conversation

repeatedly or continuously with intent to annoy, abuse, or harass

any person at the called number; and

(g)Defendant violated 15 U.S.C. §1692d(6) by placing telephone

calls without meaningful disclosing its identity; and

(h)Defendant violated 15 U.S.C. §1692f of the FDCPA by using

unfair or unconscionable means in connection with the collection

of an alleged debt.

23. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

(c)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

(d)    Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

(e)    For such other and further relief as the Court may deem just and proper.

## VI.    *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands a trial by jury in this action.


DATED: Mary 17, 2013

<div style="margin-left:50%;">

RESPECTFULLY SUBMITTED,
By: /s/G. Thomas Martin, III
G. Thomas Martin, III, Esq.
Price Law Group, APC
15760 Ventura Boulevard
Suite 1100
Encino, CA 91436
Direct Line:  (818) 907-2030
Direct Fax:  (818) 205-2730
Email:  tom@plglawfirm.com

*Attorney for Plaintiff*

</div>